UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

**Case No.** EDCV-16-2458-MWF (SPx)        **Date:** January 19, 2017
**Title:** Brandon Foss, et al. v. Suzanne Rand-Lewis, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE PLAINTIFFS' MOTION TO REMAND CASE TO STATE COURT [8]

Before the Court is Plaintiffs' Motion to Remand Case to State Court filed by Plaintiffs Brandon Foss, Ronald Foss, and Lisa Foss on December 27, 2016. (Docket No. 8). Defendant Gary Rand filed an Opposition on January 3, 2017. (Docket No. 10).

Having reviewed and considered the papers submitted on the Motion, the Court deems the matter appropriate for decision without oral argument and vacates the hearing set for **January 23, 2017**. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated below the Motion is **GRANTED**. Defendants failed to establish complete diversity by alleging the citizenship of certain Defendants in their Notice of Removal.

Plaintiffs' claims arise out of an underlying lawsuit following a surgery performed on Brandon Foss, a minor at the time, which left him with lingering pain and neurological deficits. Brandon's parents, Ronald and Lisa Foss, hired Defendants Suzanne Rand-Lewis and Gary Rand to represent them in the underlying lawsuit against the hospital where the surgery was performed. Plaintiffs allege that the underlying lawsuit resulted in a non-suit in favor of the hospital due to Defendants' negligence in producing a certain expert witness. Following the conclusion of the underlying lawsuit, Plaintiffs filed this legal malpractice action against Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-16-2458-MWF (SPx)			Date:  January 19, 2017
Title:	Brandon Foss, et al. v. Suzanne Rand-Lewis, et al.

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortgage Co.*, 340 F.3d 858, 861 (9th Cir. 2003). In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Defendants alleged diversity jurisdiction existed in their notice of removal. (Docket No. 1). Specifically, the Notice of Removal asserts that Gary Rand is a citizen of Hawaii, diverse from Plaintiffs who are citizens of California. (*Id.* at 5–6). The citizenship of the other Defendants should be "disregarded" because they were not properly served at the time the Notice of Removal was filed. (*Id.* at 6; Opposition at 3). The Notice of Removal makes no effort to assert or explain the citizenship of the other Defendants, such as Suzanne Rand-Lewis, a professional law corporation.

Defendants are incorrect that the citizenship of unserved defendants is simply disregarded in determining whether an action should be remanded to state court. The well-established rule is that the citizenship of all defendants, whether served or not, must be considered in establishing complete diversity. "Diversity turns on the citizenship of the parties, not service." *Fong v. Beehler*, 2013 WL 5194023, at *4 (N.D. Cal. Sept. 16, 2013) (denying an identical argument); *see also Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."). The Ninth Circuit, in fact, addressed Defendants' very argument nearly fifty years ago, and held that service is irrelevant for determining diversity jurisdiction. *Vitek*, 412 F.2d at 1176.

Defendants mistakenly cite a line of cases stating that parties who have not been served need not join or consent to removal. *See Cmty. Bldg. Co. v. Maryland Cas. Co.*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-16-2458-MWF (SPx)**          **Date:  January 19, 2017**
**Title:**    Brandon Foss, et al. v. Suzanne Rand-Lewis, et al.

8 F.2d 678, 679 (9th Cir. 1925) ("[D]efendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings, and that the defendants who have been summoned must of necessity be allowed to exercise their right of removal."); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."). This doctrine does not, however, mean that such defendants are disregarded for purposes of diversity analysis.

     Defendants bore the burden of showing proper jurisdiction in this Court in their Notice of Removal. As stated, that Notice failed even to attempt to show the citizenship of Defendants other than Gary Rand. Jurisdiction would be improper if any of those Defendants were citizens of California. Plaintiffs have put forth reliable evidence obtained from the California Secretary of State's business database that Suzanne E. Rand-Lewis, a professional law corporation, is incorporated and operates in California. (Ex. 1 to the Motion, Docket No. 8-1). Even in the absence of this proof, however, the Court would still conclude that Defendants failed to meet their burden of showing proper jurisdiction in this Court.

     Defendants argue Plaintiffs violated the Local Rules by failing to meet and confer before filing this Motion. But because the Motion raises a jurisdictional issue, which the Court has an independent duty to examine, the Court will consider the Motion.

     Accordingly, the Court **GRANTS** the Motion to Remand. The Court **ORDERS** this case be **REMANDED** to the Superior Court of the State of California for the County of San Bernardino.